McKiNNEY, J.,
delivered the opinion of the Court.
The only question for our consideration in this cause, arises upon the following clause of the Will of Mordecai Bean, deceased.
“ I give and bequeath to my wife, Catherine Bean, all my household and kitchen furniture, my stock of all kinds, my plantation, and all its appurtenances, and all the grain and forage, together with all I possess, during her natural life, with full privilege to sell and use the same ; to pay any debts that may be owing, or for her support, and all other legal purposes. I have heretofore given to all my children what I allowed them, unless there should something remain after my wife’s death, which I allow to be equally divided among my children.”
The Chancellor held, that, by the proper construction of this clause, the interest of Mrs. Bean was limited to *228 a life estate; and that the executory bequest over, was consequently valid. Upon the authorities, and especially our own decisions; this construction cannot, we think, be maintained. It is of the essence of a valid execu-tory devise or bequest; that it is not in the power of the first taker to defeat it, by any act of his. If the remainder over, by way of executory devise, be good, it necessarily results, that the first taker has nothing more than a life interest; and the estate in his hands is inalienable, and should he attempt to alien or waste it, a Court of Chancery would interpose to impound it. But it is well settled, that if an unlimited power of disposal be given to the first taker, an absolute • estate rests in him, and the executory limitation is nugatory: See Smith vs. Bell, Martin & Yerg., 302; 3 Hum., 631; 2 Yerg., 558; 10 Yerg., 290.
Applying these principles to the clause of the Will under consideration, it is clear that Mrs. Bean, the first taker of the estate, was vested with an unlimited power of disposal. Such is the result upon the technical rule of law, governing the cases, and such, it would seem, was the actual intention of the testator.
The full privilege or power given, to sell and use the property for payment of debts for her support, and for all other legal purposes. What more unlimited power could have been conferred? She may sell not only for the purposes specifically enumerated, but for any and all other legal purposes. No restrictions upon the power of disposal can be implied from the words, legal purposes. The word “legal” might be treated as a mere expletive; but this is not necessary: for the law knows of no broader powers of disposal, than the *229 power of alienation for any lawful purpose. To inhibit the power of alienation for an unlawful purpose, would be a solecism; for this restraint, in legal contemplation, is imposed upon every owner of property.
Nor, taking the whole clause together, can any restraint be held to exist, by force of the specific power to alienate for certain purposes. The force of this consideration is overcome by the following sweeping power of disposal, as well as by the obvious intention of the testator, to be gathered from the whole clause.
If there could be any doubt, as to the intention of the testator, from the terms of the power, it is put to rest by what follows: namely, the express declaration that the testator had previously given to his children, “what he allowed them,” unless at his wife’s death, something should be left undisposed of by her. This is the effect of the provision; and it demonstrates the intention to leave it to the will and pleasure of Mrs. Bean, to exhaust the property in her lifetime, or otherwise, as she might think fit.
The decree will be reversed, and the bill dismissed.